DAVID C. McLAUGHLIN, RESPONDENT, v. THOMAS F. MULLOY, APPELLANT.

CO-PARTNERSHIP — CONSTITUENT MEMBER — INTENT — POWER OF SINGLE PARTNER.

1. One firm may become a partner in another firm, and in that event such partner will be treated as a constituent member of the new firm.

2. K. & Bro., as a firm, became a constituent member of the firm of M., K. & Co., whose members then were M. and K. & Bro., each having an equal interest in the new firm. Both firms were engaged in the same line of business. The new firm manufactured and furnished lumber in which K. & Bro. as a firm were dealing. Profits made by M., K. & Co. inured to the use and benefit of K. & Bro. In transacting the business of M., K. & Co., debts were legitimately created. To pay these obligations, a loan was obtained by M., K. & Co., with the agreement that K. & Bro. and M. should sign the note to be given for the loan, as sureties for M., K. & Co. K., one of the members of K. & Bro., signed the firm name to the note as such surety. *Held*, that the firm of K. & Bro. was bound by such signature.

3. The acts of one partner in relation to the partnership business will bind the firm.

(No. 762.  Decided March 10, 1897.)

Appeal from the Third district court, Summit county. Hon. M. L. Ritchie, *Judge.*

Action by David C. McLaughlin, receiver of the Park City Bank, against Thomas F. Mulloy. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*S. McDowall,* for appellant.

The partner who signed the firm name without authority *is himself bound,* the same as if he had signed his own name." Bates on Partnership, sec. 349, and cases cited; *Hendrie* v. *Berkowitz,* 37 Cal. 113, cited in 3 Dill. 51; *Dowling* v. *Bank,* 145 U. S. 512; *Clive* v. *Morgan,* (Tex.) 28 S. W. Rep. 572; *Van Dyke* v. *Seelye,* (Minn.) 52 N. W. Rep. 215; see note 31 Am. State Rep. " by partners," pp. 754 to 756; *Slipp* v. *Hartley,* 36 Am. St. Rep. 629 and notes; *Presby* v. *Thomas,* 1 App. D. C. 171.

"When a firm name is used as a surety for a third person, the presumption is that such use of the firm name is outside of the firm business, and the *burden of proving assent, estoppel or ratification, is on the person asserting the liability of the partners who have not signed." Fore* v. *Hittson,* (Tex.) 8 S. W. Rep. 292; *Foot* v. *Sabin,* 19 Johns. 155; *Hendrie* v. *Berkowitz,* 37 Cal. 113; *Platt* v. *Koehler,* (Iowa) 60 N. W. Rep. 178.

*Brown, Henderson & King,* for respondents.

This is an action in the nature of an equitable proceeding, brought by the plaintiff, representing the Park City Bank, as receiver, against the defendant, who is the assignee of the firm of Kidder & Bro., for money had and received to the plaintiff's use, as such receiver. The cause was tried before a referee, and, after submitting his report to the court, judgment was entered in favor of the plaintiff. The facts found, so far as material to this decision, are substantially as follows: On and prior to July 21, 1892, George C. Kidder and Russell W. Kidder were co-partners, engaged in the lumber business at Park City, Utah, under the firm name of Kidder & Bro. This firm continued doing business until June 13, 1893, when

it made an assignment to the defendant for the benefit of its creditors. On and prior to July 21, 1892, and thereafter until such assignment, Kidder & Bro. were co-partners with one H. P. Mason, and engaged in the business of manufacturing lumber in the state of California, under the firm name of Mason, Kidder & Co., and a large amount of their lumber was shipped to the firm of Kidder & Bro. In the new co-partnership, Kidder & Bro. constituted one partner, and Mason was the other, the two partners having equal interests therein. The co-partnership so formed, in the pursuit of its business, became indebted in California and elsewhere; and about July 21, 1892, for the purpose of paying these debts, it negotiated a loan of $8,000, from the Park City Bank, it being understood and agreed that the note to be given for the loan should be signed by the individual members of the firm of Mason, Kidder & Co., as sureties for the firm. On July 21, 1892, the note was executed for $8,000, and George C. Kidder, without the knowledge of Russell W. Kidder, in good faith, believing it to be for the best interests of the firm of Kidder & Bro., and that he had the legal right so to do, signed the name of Kidder & Bro. thereto, as surety for the firm of Mason, Kidder & Co., and Mason also executed the note as such surety. Five thousand dollars of the money obtained on this paper was paid on the debts of Mason, Kidder & Co., by its manager, George C. Kidder; and the remaining three thousand dollars was credited to the account of the firm of Mason, Kidder & Co. with the Park City Bank, and was drawn out from time to time, on the checks of that firm, in payment of its debts. On January 21, 1893, the note was renewed in precisely the same manner in which it was originally given. At the time of the assignment of Kidder & Bro., there was due on the note $8,043.33, no

part of which has been paid. The defendant, as assignee of the firm of Kidder & Bro., has received sufficient assets to pay 20 per centum upon the liabilities, but refuses to pay anything on the plaintiff's claim.

· BARTCH, J. (after stating the facts):

It seems to be conceded on both sides that this action is in the nature of a suit in equity, to determine the plaintiff's right to money in the hands of the defendant, and is controlled by the principles governing the distribution of partnership funds in case of insolvency. Nor is there any dispute that, when a co-partnership becomes insolvent, its creditors have a preference, in the payment of their claims, over creditors of individual members, and that, in case of insolvency, the creditors of individuals have preference over claims against the co-partnership.

The principal contention of the appellant appears to be that the firm of Kidder & Bro. was not bound by the action of George C. Kidder in signing the firm name on the note as surety, without the knowledge of the other member of the firm, because, as is insisted, such action was not within the scope of the co-partnership. No doubt one firm may become a partner in another firm, and in that event such partner will be treated as a constituent member of the new firm, and division of profits made to the constituent co-partnership, and not to its members, as individuals, unless the intention of the parties be otherwise. So, liabilities may attach to the constituent members of the new firm. Bates, Partn. § 150; *In re Hamilton,* 1 Fed. 800; *In re Gilbert,* (Wis.) 68 N. W. 863; *Bullock* v. *Hubbard,* 23 Cal. 496.

The firm of Kidder & Bro. having become a constituent member of the firm of Mason, Kidder & Co., which is conceded, it became a part of its business, and was to its

interest, as such co-partnership, to sustain and promote the business of Mason, Kidder & Co. Therefore anything which the firm of Kidder & Bro. did to that end was within the scope of its business, and could be done in the usual manner of transacting partnership business. As a co-partnership, Kidder & Bro. had embarked in the business of Mason, Kidder & Co., both firms being in the same line of business. The new firm manufactured and furnished lumber, in which Kidder & Bro., as a firm, were dealing. The purpose was to make profits for Mason, Kidder & Co., which would inure to the use and benefit of Kidder & Bro. In transacting the business of Mason, Kidder & Co., debts were legitimately created; and, to pay these obligations, the loan was obtained by the firm through George C. Kidder, from the Park City Bank, with the agreement that Kidder & Bro. and H. P. Mason should sign the note to be given for the loan, as sureties for Mason, Kidder & Co. Under all these circumstances, we are of the opinion that George C. Kidder had the lawful right, he being a member of the firm of Kidder & Bro., to sign the firm name on the note as surety, and that the firm of Kidder & Bro. was bound by such signature. *Turnpike Co.* v. *Gulick*, 16 N. J. Law, 161, 169; *Gulick* v. *Gulick*, 14 N. J. Law, 578.

It is also insisted that, regardless of whether the firm of Kidder & Bro. is liable on the note in question, the respondent has no cause of action against the assignee, until it shall appear that he has funds in his possession, belonging to the insolvent firm, after all its firm debts have been paid. The firm of Kidder & Bro. being bound by the execution of the note, the amount thereof remaining due and unpaid constitutes a valid claim against that firm, and must be regarded and treated by the assignee the same as any other firm debt, in the payment of per-

centage on the firm's liabilities. The cases on which the appellant relies for a reversal do not appear to be applicable to the facts of this case. We find no reversible error in the record. The judgment is affirmed.

ZANE, C. J., and MINER, J., concur.