## DANIEL CANNON, Respondent, v. CHARLES WING, Appellant.

### St. Louis Court of Appeals. Submitted on Briefs June 7, 1910. Opinion Filed June 14, 1910.

1. PARTNERSHIP: Action for Money Deposited: Evidence: Admission of Duebill. In an action against one of the members of a partnership to recover money deposited for safe keeping, it was not error to admit in evidence a memorandum signed by defendant's firm, reading "Due" plaintiff "one hundred dollars for safe keeping", where its execution was not denied and there was evidence tending to show that it was signed by defendant's partner in the course of the firm business.

2. ———: ———: Borrowing Money: Liability of Partners. One who deposited money with a partner for safe keeping can recover against either or both of the partners, if the money was borrowed by one of them in the course of the firm business and went into the firm assets.

3. ———: ———: ———: Instructions. In an action against one of the members of a partnership to recover money deposited with the firm for safe keeping, it was not error to instruct that if the money was deposited with an understanding with one of the firm that it might be used in the firm business until called for, and repayment was refused, plaintiff could recover.

4. ———: ———: ———: ———. In an action against one of the members of a partnership for money deposited for safe keeping with the other partner for the firm, a requested instruction that, before plaintiff could recover against defendant, it must appear that the money was actually received, was properly modified by permitting a recovery if the money was actually received by the firm or by the other partner for the firm.

5. INSTRUCTIONS: Refusal: Covered by Other Instructions. Instructions covered by those given are properly refused.

6. ———: ———: Inapplicable to Evidence. Instructions not correctly stating the law as applied to the evidence are properly refused.

Appeal from Lincoln Circuit Court.—*Hon. Jas. D. Barnett,* Judge.

AFFIRMED.

*Avery, Young & Woolfolk* for appellants.

(1) The relation of one partner to another is exactly the same as principal and agent, and when one partner exceeds his authority, he cannot bind the partnership. Flannagan v. Alexander, 50 Mo. 51. (2) Partners, in the absence of their assent or subsequent ratification, cannot be bound by the acts of the copartner done outside of the partnership business. Rimel v. Hayes, 83 Mo. 200. (3) A partner may not give the partnership note to secure the indebtedness of the individual partner. Broughton Bros. v. Sumner, 80 Mo. App. 386. (4) The verdict and judgment of the court was against the evidence and weight of the evidence.

*Wm. A. Dudley* for respondent.

(1) The firm of Wing Bros., on the admission of the appellant, was a trading partnership as a matter of law, and it was the duty of the court to submit the case on that theory. Carter-Montgomerie v. Steele, 83 Mo. App. 211; Potter v. Dillon, 7 Mo. 228; George on Partnership, p. 91, sec. 31, p. 221. (2) Appellant's instruction No. 2 submitted the case on the same theory, that is, that Will Wing had authority to receive the money on account of the firm as a matter of law. Whitmore v. Supreme Lodge, 100 Mo. 47; Railroad v. Schoennen, 37 Mo. App. 612; Haggard v. Ins. Co., 53 Mo. 98; O'Rourke v. Railroad, 142 Mo. 352; Ellis v. Harrison, 104 Mo. 280; Black v. Railroad, 172 Mo. 187.

REYNOLDS, P. J.—This action was commenced before a justice of the peace against Charles Wing and William Wing, partners, by the filing of a statement to the effect that the defendants were partners, doing business under the firm name and style of Wing Bros., on the 22d of October, 1904, and that on that day plaintiff delivered and deposited with them for his use and benefit the sum of one hundred dollars, and that there-

upon defendants executed and delivered to plaintiff a duebill of that date, reading, "Due Daniel Cannon one hundred dollars for safe keeping. Signed, Wing Bros.;" that plaintiiff demanded payment of the money in July, 1906, but that the same had not been paid. Wherefore he prays judgment for the hundred dollars and interest from July, 1906, at six per cent. The duebill referred to was filed with the statement.

On a trial before the justice, judgment was rendered against the defendants, from which the defendant Charles Wing alone appealed to the circuit court of Lincoln county, entering into a bond with sureties. On trial before the circuit court and a jury, there was evidence tending to show that the defendants were engaged in the milling business, as partners, under the name of Wing Bros., and that plaintiff was working for them and from time to time had deposited money at the mill, the partner who received it being William Wing. The duebill above set out was introduced in evidence, and the evidence tended to show that the money given by plaintiff to William was placed in a sack along with the cash of the partnership, as it was received. There was also evidence tending to show that this money had been used as the moneys of the firm, although the evidence also tended to show that the defendant Charles Wing was not aware of the fact and knew nothing of the loan of the money to his partner. The plaintiff appears to have been an ignorant man, and testified he did not understand the paper or duebill to be anything more than a receipt evidencing the fact that he had loaned so much money to the defendants, and that his understanding all the time was that he was loaning it to the partnership.

At the close of the testimony the defendant Charles Wing demurred to the evidence as not making any case against him.

A number of instructions were asked and given; several of which were asked by the defendant being re-

fused. Among those given at the instance of the plaintiff, the court instructed the jury, in substance, that if they believed from the evidence that plaintiff deposited and left with the defendants various sums of money, amounting in the aggregate to one hundred dollars, with the understanding that the moneys might be used by the defendants in their business until such time as plaintiff might call for it and that it was received by William Wing, one of the members of the firm, and accepted by him with that understanding, and that on demand made for its payment, payment had been refused, plaintiff was entitled to recover.

On the part of the defendant the court instructed the jury, among other instructions, that if they found from the evidence that the plaintiff, at the time or times he left the money represented by the paper in evidence with William Wing, left it with him individually and at the time only intended and expected to hold William Wing, they would find for the defendant Charles Wing, irrespective of the fact that William Wing, by mistake or otherwise, had executed the paper in question in the name of Wing Bros. Further, that before they could find for plaintiff, they must believe, from a preponderance of the evidence, that William Wing, at the time he executed the duebill sued upon, executed it for the money received for the partnership and not for money received from plaintiff by William Wing for his individual purpose, or for purposes other than the partnership. The defendant also asked the court to instruct the jury that before they could find for plaintiff against the defendant Charles Wing, "they must believe from the evidence that the money in question represented by the duebill or paper offered in evidence was actually received." The court gave this, but added thereto these words: "by Wing Bros. or by William Wing for Wing Bros." The addition of these words was excepted to by the defendant.

The jury returned a verdict in favor of plaintiff and the court entered up judgment against Charles Wing, the sole appellant, and his bondsmen, from which, after filing a motion for new trial, Charles Wing has appealed to this court.

We do not consider it necessary to set out the evidence or instructions further than above. The errors assigned are to permitting the instrument sued on and attached to the plaintiff's complaint to be read in evidence; to the refusal of the demurrer to the evidence; to giving the instructions asked by plaintiff; to modifying defendant's instruction, as above set out, and to the refusal of seven instructions asked by the defendant. We do not think any of these assignments are tenable. The execution of the instrument is not denied, and there was evidence tending to prove that William Wing, who signed the firm name to it, did so in the course of business as a partner of the firm, which undoubtedly he had a right to do, if the money was borrowed or loaned to the firm by the plaintiff and went into the assets of the firm. There was evidence tending to prove these facts and on this evidence the plaintiff was entitled to recover against either or both of the partners. The instructions given at the instance of plaintiff are entirely correct and unobjectionable, and are within the evidence as introduced at the trial. The instructions which we have noted as given at the instance of defendant fairly presented his theory of defense to the jury. The addition of the words quoted to the instruction asked by the defendant was a correct modification of the defendant's instruction as asked; without the modification that instruction would have been erroneous. There was no error in refusing the seven instructions asked by defendant. They were either covered by those given or did not correctly state the law as applicable to the facts in evidence. We discover no error whatever in the record against defendant, and the judgment undoubtedly was for the right party. It is affirmed. All concur.