## BARTON v. R. P. ASH & CO.

(Court of Civil Appeals of Texas. Texarkana. Feb. 13, 1913.)

1. APPEAL AND ERROR (§ 547*)—RECORD—BILL OF EXCEPTIONS.

Action of the court in overruling a motion to continue the cause and in striking the case from the jury docket is not reviewable, when not presented in bills of exceptions, as required by rules of court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2427–2432; Dec. Dig. § 547.*]

2. PARTNERSHIP (§ 146*)—LIABILITY OF PARTNER.

Where a note was given for goods purchased by a partnership conducted under the name of one of the partners, that the note was signed with his name only did not show it to be an individual obligation.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 242–255; Dec. Dig. § 146.*]

3. PARTNERSHIP (§ 141*)—LIABILITY OF PARTNER.

Where goods are purchased by a partnership and the firm obligation given, agreements between the partners as to their liabilities are not binding on the payee.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 214–221; Dec. Dig. § 141.*]

Appeal from District Court, Panola County; W. C. Buford, Judge.

Action by R. P. Ash & Co. against J. W. Barton and another. From a judgment in favor of plaintiffs, defendant Barton appeals. Reformed and affirmed.

W. R. Anderson and H. N. Nelson, both of Carthage, for appellant. Brooke & Woolworth, of Carthage, for appellees.

WILLSON, C. J. The suit was by appellees against appellant and one H. R. Jones on two promissory notes, each dated January 9, 1911, payable to appellees' order on or before March 15, 1911. One of the notes was for $1,000, interest and attorneys' fees. It appeared to have been executed by H. R. Jones, and was shown to be entitled to a credit May 14, 1911, of $992.92. The other note was for $1,500, interest and attorneys' fees. It appeared to have been executed by H. R. Jones and by appellant. It was shown that the notes were given for a part of the purchase price of a stock of goods, wares, and merchandise sold by appellees to appellant and said Jones, who engaged in business as partners under the firm name of "H. R. Jones." The trial was before the court without a jury, and resulted in a judgment in appellees' favor against both appellant and Jones for the sum of $1,902.31, as the amount of the principal, interest, and attorneys' fees due on the notes. Appellant proved that after he and Jones purchased the goods he sold his interest in same to Jones, who assumed to pay the indebtedness due by the firm. The court therefore rendered judgment over against Jones in appellant's favor for the sum adjudged against him in favor of appellees. The appeal is prosecuted by appellant alone.

[1] Appellant complains of the action of the court in overruling his motion to continue the cause, made when it was called for trial, and of the action of the court in striking the case from the jury docket and in trying it without a jury. The rulings complained of will not be reviewed because not presented in bills of exceptions as required by rule 55 for district and county courts (142 S. W. xxi). Trabue v. Cook, 124 S. W. 456.

[2, 3] It is insisted that the court erred in rendering judgment against appellant for the balance due on the $1,000 note, "because" it is asserted in the brief: "The testimony shows that the $1,000 note was the individual note of Jones." We find no such testimony in the record. On the contrary, it was undisputed that the note was given for part of the price of goods purchased by appellant and Jones to carry on the business they engaged in as partners. This being true, and it being also true that appellant and Jones carried on their business as partners in the name of "H. R. Jones," the fact that the note was signed with that name only did not show it to be the individual obligation of Jones. A. & E. Ency. Law (2d Ed.) 80; Win-

ship v. Bank, 5 Pet. 529, 8 L. Ed. 216. It appeared that appellant and Jones agreed to pay appellees $3,500 for the goods, and, at the time the purchase thereof was made, paid appellees $1,000 in cash. It is asserted in the brief that the cash payment was made with funds belonging to appellant individually, and that, to equalize the burden incurred by them in the purchase of the goods, it was understood that the $1,000 note was to be treated as the obligation of Jones individually. If it appeared that the cash payment was so made and that there was such an understanding between appellant and Jones, appellees' rights would not be affected, for it is not pretended that they were parties to such an agreement. But there was no evidence of such an agreement even between appellant and Jones, and appellant and Jones both testified that they obtained the $1,000 used to make the cash payment by borrowing it from a bank on a joint note made by them.

It is next insisted that the court erred in rendering judgment against appellant for any sum, because it was shown that, after he and Jones purchased the goods, he sold his interest in same to Jones, who assumed the payment of the indebtedness of the firm. But it was not shown that appellees had released appellant from the liability he had incurred to them. It is plain that their rights could not be affected by an agreement between appellant and Jones to which they were not parties. From a mistake in the addition of amounts found by the court to be due on the notes, it appears judgment was rendered in appellees' favor for $1,902.31, when it should have been for only $1,892.31.

The judgment will be accordingly reformed, and, as reformed, affirmed. The error in the judgment, as entered, was not called to the attention of the court in the motion for a new trial. The costs of this appeal, as well as the costs in the court below, therefore will be adjudged against appellant.