## MITCHELL v. CITY NAT. BANK OF WICHITA FALLS. (No. 12069.)

Court of Civil Appeals of Texas. Fort Worth. Jan. 12, 1929.

Rehearing Denied Feb. 16, 1929.

Raymond Myers, of Wichita Falls, for appellant.

Bullington, Boone, Humphrey & King and John Q. Humphrey, all of Wichita Falls, for appellee City Nat. Bank.

Bonner, Bonner & Fryer, of Wichita Falls, for appellee Jones.

CONNER, C. J. As we understand the record in this case, the material question presented is a simple one. Briefly stated, appellee instituted suit against M. L. May, E. W. Jones, and W. M. Mitchell on a note, alleging that W. M. Mitchell and E. W. Jones was a partnership and that M. L. May, W. M.

Mitchell, and E. W. Jones constituted another partnership; that the partnership of Mitchell, Jones & May, by virtue of operations in the vicinity of Cross Plains, Tex., became in need of $15,000, for which the three partners were jointly and severally liable; that M. L. May applied to plaintiff for a loan of $5,000 to match $5,000 advanced by Mitchell and Jones, respectively; that said loan was made upon the credit of Mitchell & Jones, and a note therefor was executed, the firm name of Mitchell & Jones being placed on said note beneath the signature of M. L. May by E. W. Jones.

There were other allegations not deemed necessary to our conclusion. The defendants M. L. May and E. W. Jones make no complaint of the judgment below, and the state of their pleadings need not be referred to. Appellant Mitchell, however, by a verified answer, pleaded, among other things not necessary to notice, that he had not executed the note or authorized its execution. Upon the conclusion of the evidence the court gave a peremptory instruction to the jury, which answered as directed, and judgment in accord therewith was entered against M. L. May, E. W. Jones, and W. M. Mitchell, with right of recovery in favor of E. W. Jones and W. M. Mitchell over against M. L. May, and Mitchell has appealed.

◼◼ The undisputed evidence is to the legal effect that W. M. Mitchell and E. W. Jones were partners engaged in leasing and developing oil lands in the vicinity of Wichita Falls, Tex. M. L. May was engaged in a like business in the vicinity of Cross Plains, in Callahan county, Tex. The parties named formed a partnership designated as the partnership of Mitchell, Jones & May, for the purpose of leasing, drilling, and securing the production of minerals in the Cross Plains section. During the prosecution of the business of the partnership last named, it became necessary for the firm of Mitchell, Jones & May to secure additional funds. By agreement between the parties, Mitchell agreed to advance $5,000, and Jones and May likewise severally so agreed. Mitchell and Jones secured and deposited in the plaintiff bank the $10,000 agreed to be advanced by them. May sought to borrow the $5,000 that he agreed to advance from the plaintiff bank, but the bank declined to advance the money upon his signature alone, but did so on the note of May signed by the firm name of Mitchell & Jones, affixed by Jones. Thereupon the bank advanced the money, which was deposited to the credit of Mitchell, Jones & May, and the evidence shows, we think, without any material variation or conflict, that the $15,000 so deposited to the credit of Mitchell, Jones & May was expended in the prosecution of the business of that firm, in the way of paying current and other indebtedness and in the

prosecution of their business as drillers, etc.

Such being the state of the evidence, we are of opinion that the court properly gave the peremptory instruction assigned as error here. The case here is not one in which a partnership, like that of Mitchell & Jones, undertook to act as an accommodation surety for an individual, as was May's. We therefore shall not enter into a discussion of the power of a partner, such as Jones, to bind the other members of his firm by signing the firm name to such a negotiable instrument, for it is familiar law that each member of a partnership has, as agent, power to bind all members of his firm for an indebtedness incurred in the prosecution of his firm's business; and this is true even though members other than the acting one is without knowledge of the obligatory act.

In Modern Law of Partnership, by Rowley, vol. 1, § 421, it is said: "The right to incur firm obligations would be of little value if the power of the partner incurring the debt to sign the firm name to the instrument evidencing the obligation were denied. Hence the rule has grown up that a partner may sign the firm name to such contracts as he may be authorized to enter into and the firm will be bound thereby."

The author cites numerous cases in support of the text thus quoted, such as George v. Tate, 102 U. S. 564, 26 L. Ed. 232, and cases from Maine, Massachusetts, and other jurisdictions. The same author, in section 425 says: "Associated very closely with the right of a member of a commerical partnership to borrow money in the firm name, is his right to execute negotiable paper for a partnership indebtedness. The giving of negotiable paper is as much an incident to the business of such a partnership as is the power to borrow money and in a general way the same rules apply."

In 20 Ruling Case Law, par. 113, p. 903, it is said: "If one partner has authority to bind the firm for borrowed money, and it is loaned on his signature, to the credit and for the benefit of the partnership, the firm may be held liable therefor, although he signs his individual name to the instrument securing the loan."

Again on page 903, par. 112, the author says: "But the fact that the payee of a note given by one partner in the firm name believed that the borrowed money for which it was given was to be applied to an individual purpose will not prevent the note from binding the firm, if the money borrowed was actually used for a partnership."

In the case of Cannon v. Wing, 150 Mo. App. 12, 129 S. W. 718, it is held that where the manager of a trading or commercial partnership borrows money for use in its business, the partnership and each of its members are liable.

See, also, to the same general effect, the cases of Commerce Trust Co. v. McMechen (Mo. App.) 220 S. W. 1019; Harris County v. Donaldson, 20 Tex. Civ. App. 9, 48 S. W. 791; Barton v. Ash & Co. (Tex. Civ. App.) 154 S. W. 608; Trust Co. v. Tindle (Mo. App.) 194 S. W. 1066; McLaughlin v. Mulloy, 14 Utah, 490, 47 P. 1031, by the Supreme Court of Utah. The case last cited seems quite similar to the one before us. In that case a firm, Kidder & Bro., became a constituent member of the firm of Mason, Kidder & Co.; both firms were in the same line of business. The new firm manufactured and furnished lumber, in which Kidder & Bro. as a firm were dealing. The purpose was to make profits for Mason, Kidder & Co. which would inure to the use and benefit of Kidder & Bro. In the new copartnership, Kidder & Bro. constituted one partner and Mason was the other. The copartnership so formed in the pursuit of its business became indebted in California and elsewhere, and for the purpose of paying these debts it negotiated a loan of $8,000 from the Park City Bank. The note was extended for $8,000, and Geo. E. Kidder, without the knowledge of Russell W. Kidder, in good faith and believing it to be for the best interest of Kidder & Bro. and that he had the legal right to do so, signed the name of Kidder & Bro. thereto as surety of the firm of Mason, Kidder & Co., and Mason also executed the note as such security. $5,000 of the money obtained on this paper was paid on the debts of Mason, Kidder & Co. by its manager, Geo. C. Kidder, and the remaining $3,000 was credited to the account of the firm of Mason, Kidder & Co. and was drawn out on checks of that firm in payment of its debts. On January 1, 1893, the note was renewed (as in this case) in the same manner in which it was originally given. The court in passing on this question held that under all of the circumstances it was of the opinion that Geo. C. Kidder had the lawful right, he being a member of the firm of Kidder & Bro., to sign the firm name on the note as surety, and that the firm of Kidder & Bro. was bound by such signature.

We conclude that under the undisputed facts it is immaterial that the appellant, Mitchell, did not know of or consent to the act of his partner Jones in executing the obligation in question, and that he received no personal benefit therefrom other than such as may or may not have accrued to him as a result of the prosecution of the Cross Plains business. Nor do we think there was any material fact controverted in the evidence which the court under the law was required to submit to the jury.

All assignments are accordingly overruled, and the judgment is affirmed.