## CITY NAT. BANK OF BEAUMONT v. AMERICAN SURETY CO. OF NEW YORK et al.
### No. 2005.

Court of Civil Appeals of Texas. Beaumont. Nov. 7, 1930.

Rehearing Denied Jan. 7, 1931.

Orgain, Carroll & Bell, of Beaumont, for appellant.

A. D. Dyess, of Houston, for appellees.

WALKER, J.

On the 15th day of November, 1926, Charles F. Law and Watson Company, a corporation, entered into a contract with Jefferson Amusement Company of Beaumont, Tex., for the erection of a theater building in Beaumont. Under the contract between Watson Company and Law, they were to share equally the cost of the enterprise and to share equally the profits. The building was completed in January, 1928, and a final settlement between the parties in the joint enterprise was had immediately after the completion of the building. After all the debts and all expenses of every kind whatever contracted in the construction of the building had been paid, it appeared that the profits in the joint adventure amounted to about $35,000; that is, Watson and Law each made a clear profit of about $17,-500. During the construction of the building Watson Company and Law by mutual agreement used the City National Bank of Beaumont as their bank of deposit and carried therein all the joint funds. Watson Company and Law each had the right to draw checks on this account which each in fact did. With the knowledge, consent, and acquiescence of Watson Company, Law drew on this account for his personal expenses, which fact was known to the City National Bank. All the checks upon this account when paid were regularly mailed each month by the City National Bank to Watson Company to its office at Dallas, Tex. After the final settlement between Watson Company and Law, Watson Company withdrew from this account all its share of the profits, leaving deposited with the City National Bank in the account of Watson Company and Law a sum in excess of $8,730.32. In this sum Watson Company had no claim, right, title, or interest of any kind whatever. The final settlement between Watson Company and Law closed their joint adventure and after that time nothing remained to be adjusted between them. Under the contract between the parties by which this money was deposited in the bank, Law had the right to withdraw it.

In April, 1926, Law, with American Surety Company as his surety, contracted to erect in Beaumont a school building for the Diocese of Galveston at Beaumont. He executed this contract according to its conditions as between him and the Diocese, but being unable to pay all the outstanding bills and accounts incurred in the construction of the building notified his surety of this fact and asked it to assume and pay for him the amount of $8,730.32, which it did, strictly in accordance with the conditions of its suretyship. After these payments were made by his surety for his account, which was after the execution of the contract between him and Watson Company for the construction of the theater building for Jefferson Amusement Company, Law executed his note to the surety company for the said sum of $8,730.32, and in connection with his note made a written assignment to the surety company of his interest in the profits to be made in the construction of the theater building to the extent of $8,730.32. The language of this assignment, after reciting the facts that induced its execution, concluded as follows:

"Now, therefore, for and in consideration of the payment of 8730/32/100 Dollars by the American Surety Company of New York for and in behalf of the said Chas. F. Law to certain creditors of the said Chas. F. Law, I, the said Chas. F. Law, do hereby assign, transfer and set over to the American Surety Company of New York, its successors and assigns, all of my right, title and interest in the profits due, or may hereafter be due, from erection of the aforementioned theatre building in the city of Beaumont, Texas, to the extent of $8730.32 Dollars.

"To have and to hold, the same to the said American Surety Company of New York, its successors and assigns forever."

The American Surety Company at once notified Watson Company of this assignment, and on January 16, 1927, received from Watson Company from its Dallas office a letter addressed to it reading as follows:

"American Surety Co.,
  "Santa Fe Building,
  "Dallas, Texas.
"Gentlemen:
  "As per the request of your Mr. Gregory we beg to advise that we have no objection to Mr. Law's agreement with you concerning his interests in the profits of the contract of the Beaumont Theatre Building.
  "In so far as this profit will permit we will see that the assignment dated June 13th, 1927 in your favor is protected, but in no wise will we assume any responsibility or guarantee anything.
      "Yours very truly,
          "G. S. Watson, President."

Upon receipt of this assignment, the surety company did not cancel its debt against Law but held both the note and the assignment. The surety company did not notify the City National Bank of this assignment and the bank had no notice thereof until after the final settlement between Law and Watson Company. The surety company made no effort to ascertain where Watson Company and Law did their banking and permitted them to handle their joint account and to check on it as they saw fit until after the final settlement.

After the final settlement between Watson and Law, and against his direct orders, Watson Company executed a check on the account with the City National Bank in favor of American Surety Company for $8,730.32, which was delivered to the surety company and by it deposited for collection in the usual course of business.

To secure funds to aid in the erection of the school building for the Diocese of Galveston, Law borrowed $2,500 from the City National Bank, for which he gave his note in that sum. This was before Watson Company and Law contracted to build the theater building. This note was renewed by Law from time to time, and when renewing it from time to time he would promise the bank to pay it out of his profits from the theater contract, but never at any time made any assignment, verbal or written, of any part of his profits for this purpose.

After the final settlement between Watson Company and Law, and after the execution and delivery by Watson Company to the American Surety Company of the check in the sum of $8,730.32, the City National Bank, for the first time, learned of the assignment given by Law to American Surety Company, and thereupon demanded of Law that he execute to it a check on the joint account of Watson Company and Law for $2,500, being the amount due on his note. Law complied with this request by executing and delivering the check, which check the bank promptly cashed and charged to the joint account. Afterwards the check drawn by Watson Company in favor of American Surety Company was presented to the bank for payment and payment refused on account of insufficient funds. Afterwards, upon the mutual agreement of all interested parties, the American Surety Company was paid by Law from the funds at that time on deposit with the bank the sum of $6,000.

This suit was brought by American Surety Company against Law to recover the balance due by him on his note and against the City National Bank to recover the $2,500 appropriated by it on Law's check regularly drawn upon the Watson Company and Law account. Watson Company joined as plaintiff to pro-

tect itself from liability on its acceptance of Law's assignment to the surety company. By its answer the bank pleaded that the money belonged to Law and Watson Company when deposited; that this deposit created between the bank and its depositors the relation of debtor and creditor; that it had the right of equitable set-off as against this account for the amount of Law's note and in addition it received from Law the $2,500 check which it appropriated in payment of Law's note, and further that it had no notice of the assignment, etc.

The trial was to the court without a jury, with judgment in favor of Watson Company for its costs and with full protection in its favor against its acceptance of the assignment and in favor of American Surety Company against Law for the balance due it by Law and in its favor against the City National Bank for the $2,500 charged by the bank against the joint account of Watson Company and Law, with interest at 6 per cent. from February 3, 1928. Only the bank has appealed.

### Opinion.

■ We cannot agree with appellee the American Surety Company in its first counter proposition that under the assignment it "became the absolute owner of all profits that might arise to Law in the construction of the theater building" to the extent of the sum of $8,730.32. While the assignment was absolute in its terms, under the undisputed evidence it was delivered by Law and accepted by the surety company merely as collateral security for the note. The note was executed concurrently with the assignment and was never canceled, but at all times the surety company not only claimed the note but also asserted a claim under the assignment. These facts made the assignment nothing more than a lien against the funds impounded by it.

■ However, on the issues made by its pleadings, the rights of the surety company as a lienholder were in no way inferior to the right of absolute ownership so far as its judgment herein is concerned. It had a cause of action against Law on its note and another against the City National Bank for wrongfully converting to its use and benefit the funds impounded by the assignment, which cause of action it pleaded as follows:

"That the said Chas. F. Law is insolvent, and that the action of said bank in inducing and requiring the said Chas. F. Law to draw said Twenty-five Hundred ($2500.00) Dollars check on said partnership funds and on the partnership funds which had been assigned to the plaintiff American Surety Company of New York was wrongfully done without the knowledge or consent of the Watson Company, the said George Watson, or the Ameri-

can Surety Company of New York, and was a conversion of said partnership funds to the payment of the debts of an individual member of such partnership; and that on account thereof the plaintiffs are entitled to recover of the said Chas. F. Law and the City National Bank of Beaumont, Texas, the sum of Twenty-five Hundred ($2500.00) Dollars, together with interest and costs of suit."

Appellant has presented eight propositions of reversible error on the theory that Law had the superior right to the funds on deposit in the name of Watson Company and Law. On this theory it asserts the right of equitable set-off, that is, the right in equity to charge the joint account with the amount of the note; and also it asserts the right to receive from Law the check as delivered by him to it. As we construe its propositions, each of them rests upon this assumed superior right in Law to this money. If that right in fact existed, then appellant's propositions would beyond question control this case and it would be entitled to a reversal of the judgment of the lower court and rendition by us of judgment in its favor.

■■ But appellant is wrong in its conclusion that the superior right to this fund belonged to Law. Under its assignment from Law this superior right was vested in the surety company. As between equitable assignees the rule now is firmly established in this state that first in time is first in right. If for many years there has been any question as to the rule in Texas, this doubt was settled by Judge Greenwood, speaking for the Supreme Court, in Hess & Skinner, etc., v. Turney, 110 Tex. 148, 216 S. W. 621, 623. In that case, as in this case, the controversy was between equitable assignees over the proceeds of a building contract. The Lion Bonding & Surety Company held the first assignment; later on the First National Bank of Smithville loaned the contractor $500 at one time and $1,000 at another time, and took a second assignment of the same funds from the contractor as security for these notes. "At the time the assignment was given to the bank neither it nor Bastrop county, nor the county judge, had any notice of the assignment by the contractors to appellant." Findings by Court of Civil Appeals, in same case, 207 S. W. 171, 172. The issue was the priority of these respective assignments. Deciding this issue in favor of the bonding company as against the bank Judge Greenwood said:

"In our opinion the rule is sound, which gives priority in rank to equitable assignments in the order of their dates, without regard to notice to the debtor. Brander v. Young, 12 Tex. 335; Harris Co. v. Campbell, 68 Tex. 27, 3 S. W. 243, 2 Am. St. Rep. 467; Bank v. Convery, 8 Tex. Civ. App. 181, 27 S. W. 829; Harris County v. Donaldson, 20

324

Tex. Civ. App. 9, 48 S. W. 791; Henke v. Keller, 50 Tex. Civ. App. 533, 110 S. W. 784.

"The debtor is fully protected because he is not affected by the assignment until notified, and the subsequent assignee, in dealing with a chose in action, is chargeable with knowledge that he can get no better right than that of his assignor.

"It increases uncertainty in the law's administration to substitute the date of notice to the debtor as the test of priority for the date of assignment; and we can see how grave harm would follow for us to now depart from our thoroughly established simple test of priority in right from priority in time of the assignment.

"The assignment to the surety company was supported by a valuable consideration. Campbell v. Grant Co., 36 Tex. Civ. App. 641, 82 S. W. 794.

"The case of Harris County v. Donaldson, 20 Tex. Civ. App. 9, 48 S. W. 791, involved a controversy between assignees of a fund held by Harris county to pay the contract price of certain furniture. The debt of the senior assignee had no relation to the contract, while that of the junior assignee was for work in installing the furniture under the contract. The senior assignment was given precedence, because the junior claimant 'had no lien upon this fund, and his rights in it arose from his assignment alone, and the assignments take rank in the order in which they were given.' 20 Tex. Civ. App. 15, 48 S. W. 794. The same principle is equally conclusive here against the bank's claim of a superior equity because of the nature of the debt."

██ In this case there was no issue of estoppel or innocent holder in favor of the City National Bank as against the American Surety Company. The cancellation of the $2,500 note was not in law a good consideration as against the vested rights of the surety company. That the bank knew nothing of the assignment until long after the joint account had been opened on its books and the money had been paid over to it by Watson Company and Law, and its note to Law had matured, gave it no right of equitable set-off against this money because the surety company had in no way estopped itself to assert its superior equity arising under its prior assignment. It follows that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

### On Rehearing.

Appellant complains of our statement that Watson Company was awarded judgment "for its costs and with full protection in its favor against its acceptance of the assignment" in favor of American Surety Company, the assignment being that under the undis-

puted evidence Watson Company did not accept the assignment.

Meeting appellant's objection, we make our statement to read:

"For its costs and with full protection in its favor against liability on its letter to the American Surety Company acknowledging receipt of the assignment."

In all other respects the motion for rehearing is overruled.