**William W. HUGHES, Appellant,**

**v.**

**Janie B. HUGHES, Appellee.**

**No. 4498.**

Court of Civil Appeals of Texas.

Waco.

Oct. 6, 1966.

proceeding without a jury at the trial; there is no trial court record of evidence. In the absence of an objection at the trial or a record of the proceedings at the divorce hearing, the point is not preserved for review, and it may not be reached by a transcript of evidence on a motion for new trial hearing. Kruegel v. Johnson, Tex.Civ. App., 112 S.W. 774, writ ref.; Barton v. R. P. Ash & Co., Tex.Civ.App., 154 S.W. 608, syl. 1; 3A Tex.Jur.2d Appeal and Error, Sec. 108.

■ The recital in the judgment is that a jury trial was waived. There was positive evidence on the new trial hearing that appellant expressly waived a jury trial in open court. Appellant testified that nothing was said to him and he said nothing about a jury, and he denied he waived a jury. This record, if considered, does not reflect error on the point. Andrle v. Fajkus, Tex.Civ. App., 209 S.W. 752; Edwards v. Ward Associates, Inc., Tex.Civ.App., 367 S.W.2d 390, 392, writ ref. n.r.e.; 49 C.J.S. Judgments § 437, p. 869; 3 Tex.Jur.2d Appeal and Error, Sec. 423.

There is a point that the court erred "in requiring appellant to leave the presence and hearing of the court and witnesses during the trial." Again there is no record preserving the point. The evidence at the new trial hearing, if it be considered, shows only that the court directed appellant, for a reason not shown, to stand by the rear door of the courtroom. There is no showing of the stage of proceedings at which the direction was given. No suggestion of abuse of discretion is presented.

■ The final point concerning attorney's fees is not preserved except by an assignment in the motion for new trial and evidence on the hearing of the motion. In the absence of a showing of the evidence at the trial on the merits the point does not reflect error. Appellant's apparent position is that he is not required to comply with procedural rules as to objections in the trial court because his counsel withdrew before

Stafford, Freedman, Hamlin, Gay & Whitham, Donald G. Gay, Dallas, for appellant.

Leonard E. Hoffman, Jr., Dallas, for appellee.

## OPINION

WILSON, Justice.

Defendant husband appeals from the judgment in a divorce case. There is no statement of facts except a transcript of evidence on a motion for new trial hearing. We affirm.

■ Appellant says the court erred in denying him a jury trial. The judgment recites jury trial was waived by both parties. There is no bill of exception; there is no showing appellant, who was not represented by counsel at the trial, complained of

trial and he was not there represented by an attorney. A record reflecting preservation of complaints, when required, is necessary whether a litigant is represented by himself or by counsel, because this prerequisite is mandatory and essential, and does not involve discretion of the appellate court.

Affirmed.