BRANDER, WILLIAMS & CO. v. YOUNG & MORGAN AND ANOTHER.

Where an attorney, living in Texas, gives a receipt for certain claims for collection, an assignee by separate order dated in Tennessee, who is precedent in point of time, will be entitled to the proceeds of the claims, against one who afterwards purchases and obtains the attorney's receipt, without notice, in Louisiana, at an execution sale; and it would not affect the question, as between the two assignees, which first gave notice of the assignment to the attorney.

Quere, Whether the seizure and sale in Louisiana under judicial process, of a receipt, given by an attorney in Texas, for claims placed in his hands for collection, will entitle the purchaser to the claims and their proceeds?

Appeal from Red River. Action by the appellees against Young & Morgan, who were attorneys at law, to recover the proceeds of certain claims placed in the hands of the latter, for collection. The facts were as follows:

Brander, Williams & Co. v. Young & Morgan.

On the 21st July, 1847, Young & Morgan gave a receipt to Smith, Gorin & Co., of New Orleans, for certain claims, amounting in all to $4,374 87½, placed in their hands for collection. The firm of Smith, Gorin & Co., had consisted of Henry Smith, Gladden Gorin and John D. Mason, and had been dissolved by the death of Smith on or about the 26th of April, 1846. The plaintiffs claimed the proceeds of said claims in virtue of an attachment and sale of the above receipt, by judicial process in Louisiana. It had been attached there, in the hands of an agent with whom it had been deposited for collection, by Gladden Gorin. The attachment had been obtained by the plaintiffs against Gorin, Mason & Caruthers, and was levied on the 3rd April, 1849. At the sale the plaintiffs became the purchasers. Gorin and Mason of the latter firm were same as of Smith, Gorin & Co. On the 19th June, 1849, the plaintiffs advised Young & Morgan by letter, of the attachment of their receipt, and required them to hold the claims subject to their order. On the 26th of February, 1850, the plaintiffs wrote to Young & Morgan a letter in which they said "We apprised you some time since that "Messrs. Gorin, Mason & Caruthers had transferred to us "your receipt for sundry claims placed in your hands for col-"lection," and requested information as to progress of collection. To this Young & Morgan replied, March 27th 1850, that they had collected $800 or $1000, which they would pay over on their (the defendants') receipt, or to any one legally authorized to receive the same; that the balance would be collected within twelve months; and that if the plaintiffs would forward the receipt to any one with whom they were acquainted, they would pay over the money or remit the same as might be directed. April 26th, 1850, Young & Morgan again wrote to plaintiffs informing them, that after writing their previous letter of March 27th, they found that there was an order given by Smith, Gorin & Co. to H. D. Mason, for the proceeds of said claims, which order had been accepted by them, and which acceptance was overlooked by them when

they wrote their letter above referred to, and therefore they informed the plaintiffs that they could not pay over on the receipt, unless the order was also presented, as the former was superseded by the latter.

The order referred to was offered in evidence and was objected to by the plaintiffs, on the ground that the acceptance of it was not proved, and because it vested no rights in H. D. Mason as administrator of H. Smith, which objections were overruled. It was as follows:

JACKSON, Tenn., Jan'y 17, 1849.

Messrs. Young & Morgan, Clarksville, Texas:

GENTS.—Please hold subject to the control of Doct. H. D. Mason, executer of H. Smith, deceased, the claims, or moneys collected from same for us, and oblige

G. GORIN & J. D. MASON,
Surviving partners Smith, Gorin & Co.

Across the face was written "Accepted, Young & Morgan." The defendants, Young & Morgan, had prayed in their answer, that Henry D. Mason, the executor of Henry Smith, and who resided in Bowie county, might be cited to appear and interplead; he did appear, and claimed the proceeds of the notes and accounts as the property of the estate of his intestate; said executor having died, Joseph D. Mason, administrator *de bonis non* of said Smith was made a party.

There was in evidence a decree of the Court of Chancery of the District composed of the county of Madison in the State of Tennessee, in a suit for an account, filed by James Caruthers and Henry D. Mason, executors of Henry Smith, deceased, against Gladden Gorin and John D. Mason, surviving partners of Smith, Gorin & Co., from which decree it appeared that the firm of Smith, Gorin & Co. was insolvent, and that it was largely indebted to the estate of the said Smith for amounts paid by the executors in discharge of the partnership debts. The suit was commenced on the 10th day of December, 1846, and the decree was made at July Term, 1848.

The statement of facts, after stating the proof of the order

from the surviving partners of Smith, Gorin & Co., continued, " the acceptance of said order was not proved."

A jury was waived, and the case was submitted to the Court. Judgment that the administrator of Smith was entitled to the proceeds of the claims, and that the defendants. recover their costs, &c.

*J. A. N. Murray*, for appellants.

*H. Dillahunty*, for appellees.

WHEELER, J. The only effect, which can be claimed from the judicial proceeding upon the attachment and garnishment in the State of Louisiana, is that it operated as an assignment of the receipt given by Young & Morgan for the collection of the notes and accounts placed in their hands by Smith, Gorin & Co., for collection. But the receipt, or more properly, the monies collected and to be collected, by Young & Morgan had been previously assigned to Mason, executor of Smith. It cannot be pretended, that the subsequent assignment of this receipt in Louisiana, if effectual to vest in the assignees the right to recover the monies and claims in the hands of the attorneys in this State, could have the effect to supersede and annul the previous assignment; or that it entitled the plaintiffs to a recovery in this action.

There is no other question presented by the record which. requires notice. The judgment is affirmed.

*Judgment affirmed.*