# MAY, 1908.

HENKE & PILLOT V. THEODORE KELLER ET AL.

Decided May 1, 1908.

1.—Assignments of Claim—Priority.

The rule as to the priority of the rights of several assignees of a fund is that the priority of the assignment, and not that of notice to the fund holder, controls.

2.—Same—Case Stated.

An employee of a railroad company gave to a creditor an order on the company for money to become due in the future to the employee; the order was signed by the employee, but the amount to be paid was left blank and the creditor was authorized to fill in the blank with the amount which might be due at the end of the month, this the creditor did at the proper time; subsequently to the giving of this order the employee gave an order to another creditor on the company; this last order was presented to the company first. Held, that the fund had been assigned when the second order was given, and the holder of the first order was entitled to payment.

3.—Assignment.

A mere promise to give an order, based upon a past consideration, is not an assignment of the fund.

4.—Evidence—Ex Parte Affidavit.

An ex parte affidavit is not competent evidence of the fact sworn to.

Appeal from the County Court of Harris County. Tried below before Hon. A. E. Amerman.

*E. P. & Otis K. Hamblen,* for appellant.

*Hunt, Myer & Townes,* for appellee.

PLEASANTS, Chief Justice.—This suit was brought by appellee Keller against W. F. Crane and the Houston & Texas Central Railroad Company upon a verified account for $312.54 due by Crane, and upon certain orders given by Crane upon the railroad company, directing it to pay to Keller on said account any money that might be due Crane by said company for boarding employes of the railroad at Hearne, and for wages due him for the month of November, 1905, which orders it is alleged were accepted by the railroad company. Appellant intervened in the suit and sought to recover upon an account against Crane for $245.67, and upon orders given it by Crane from the railroad company for money due him by said railroad for board of employes at Hearne and for wages for the month of November, 1905.

The defendant Crane filed no answer. The railroad company answered that it owed Crane the sum of $111.40 for board of its employes and for wages for the month of November, 1905, and offered to pay the money to the plaintiff or the intervener as the court should adjudge.

A trial by jury in the court below resulted in a verdict and judgment in favor of plaintiff and intervener against Crane for the amount of their respective claims, and in favor of plaintiff against the railroad company and intervener for the $111.40 due Crane by said company.

We shall not discuss the several assignments of error in detail. The first and fourth assignments raise the question of the sufficiency of the evidence to sustain the verdict, and we think said assignments should be sustained. The rule as to the priority of the rights of several assignees of a fund is that the priority of the assignment, and not that of its notice to the fund holder, controls. Brander v. Young, 12 Texas, 332; Harris County v. Campbell, 68 Texas, 29.

It is conceded in this case that plaintiff notified the railroad company of the fact that he held Crane's orders for the fund in controversy before intervener gave notice of its orders, but the evidence all shows that the orders upon which the intervener claims the fund, were given before those upon which plaintiff claims.

During the month of November, 1905, and for some months prior thereto, Crane was engaged in running a boarding-house at Hearne and the railroad company boarded a number of its employes with him and also employed him to perform services for it for which it paid him wages. For several months prior to September, 1905, Crane had purchased his supplies from plaintiff and had been paying his account by giving monthly orders on the railroad company for money due him on his board and wage contract. These orders were usually given in advance and were signed by Crane with the amount left to be filled in by the assignee. In September, 1905, Crane was indebted to plaintiff in the sum of $312.54 for goods previously furnished him, and at that time promised plaintiff's agent, Alexander, who had charge of the matter, that he would give him orders on the railroad company each month until his indebtedness was liquidated. He did not, at that time,

however, give the orders upon which plaintiff claims the fund in controversy. Alexander testified that the orders in question were given him by Crane the latter part of October or the first of November, 1905.

In September, 1905, Crane commenced to buy supplies from the intervener, and at that time left with Adair, the intervener's agent, who had charge of the business, two signed orders on the railroad company, to be filled out by Adair for the amounts purchased by Crane during the months of October and November, 1905. The October order was presented by Adair and paid by the railroad company. The November order is the one upon which intervener claims the fund in controversy in this suit.

From this evidence it appears that the fund in controversy had been assigned to intervener before plaintiff received his order therefor from Crane.

Appellee insists that the judgment should be affirmed on the ground that the verbal promise of Crane to give orders on the railroad company each month until his account was paid, was an assignment of the fund, and being prior in time to the assignment to intervener gives plaintiff a prior right to such fund. We do not think this contention is sound. A mere promise to give the order based upon a past consideration can not be held to be an assignment of the fund.

We do not think the issue of estoppel was raised by the evidence and the trial court did not err in refusing to submit that issue to the jury.

There was no error in refusing to allow the intervener to introduce in evidence the affidavit of Crane to the effect that he had not given the order to plaintiff upon which the suit is brought. We know of no rule of evidence under which the affidavit was admissible.

The evidence being insufficient to sustain the verdict, the judgment of the court below is reversed and the cause remanded, and it has been so ordered.

*Reversed and remanded.*