WEST TEXAS LUMBER CO. et al. v. TOM GREEN COUNTY et al.   (No. 5637.)*

(Court of Civil Appeals of Texas. Austin. June 12, 1916. Rehearing Denied June 28, 1916.)

1. ASSIGNMENTS 85—PRIORITY—TIME.

As between creditors holding assignments of amounts due the debtor, the first in point of time prevails.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 149–151; Dec. Dig. 85.]

2. ASSIGNMENTS 85—CONSTRUCTION—PARTIES—PRIORITY.

Instrument assigning to lender bank all money due the borrower, except that necessary to pay labor or material bills, cannot be construed as an assignment also to holders of claims for labor and materials, and such claimants cannot establish priority through such instrument over other assignments postdating it, but antedating their own.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 149–151; Dec. Dig. 85.]

3. APPEAL AND ERROR ⬤⬤⬤1175(2) — SCOPE — CHARACTER OF JUDGMENT.
Where the facts are fully developed, it is the duty of the appellate court to render such judgment as the court below should have rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4574; Dec. Dig. ⬤⬤⬤1175(2).]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

Suit by Tom Green County against the Midland Engineering & Construction Company and others. Defendant San Angelo National Bank disclaimed, and from the judgment rendered, defendants West Texas Lumber Company and Copeland & Co. appeal. Reversed and rendered.

Wright & Harris and J. T. Thomson, all of San Angelo, for appellants. Thompson, Knight, Baker .& Harris, of Dallas, and Blanks, Collins & Jackson, of San Angelo, for appellees.

RICE, J. On the 15th day of April, 1913, Tom Green county contracted with the Midland Engineering & Construction Company for the erection of a reinforced concrete viaduct across the North Concho river in the city of San Angelo, for the sum of $46,888. Upon the completion of said viaduct it was agreed between the county and said company that the county was due said Construction Company a balance on said contract amounting to $2,729.21. During the progress of such work the Engineering & Construction Company became indebted to the San Angelo National Bank for borrowed money in the sum of $5,000, as well as to the following named parties for labor and material done and furnished during such work, to wit: West Texas. Lumber Company, for the sum of $330.71; J. R. Copeland & Co., $98.65; Colorado River Sand & Gravel Company, $492.65; F. W. Heitman Company, $39.41; Alamo Iron Works, $85; Texas Rolling Mill Company, $212.09; Southwestern States Portland Cement Company, $2,844.75; San Angelo Foundry & Machine Company, $40. In order to secure the payment of the above-named defendants, except the San Angelo Foundry & Machine Company and the Southwestern States Portland Cement Company, the Midland Engineering & Construction Company, at different dates, made assignments and transfers of so much of the indebtedness or funds due from Tom Green county to it as was necessary to pay the amounts due them; and the county, desiring to be protected by judgment of the court with reference to the payment of said claims, brought this suit against the Engineering & Construction Company and said several claimants, alleging all the facts above outlined, admitting its indebtedness to the Engineering & Construction Company in the sum of $2,729.21, paying said amount into the registry of the court, and praying the court to determine the rights of the respective parties thereto.

. A jury having been waived, and the San Angelo National Bank disclaiming any right to participate in the distribution of said fund, a judgment was rendered directing that, after the payment of costs and $100 to the county for the services of its attorneys in bringing this suit, the balance of said fund be prorated between the respective claimants, and judgment was entered in accordance therewith, from which judgment the West Texas Lumber Company and Copeland & Co. prosecute this appeal, insisting that, as their transfers and assignments were prior in point of time to all others, they were entitled to full payment of their respective claims, so that the only question involved in this appeal is as to the correctness of such judgment.

[1, 2] The court seems to have predicated its judgment upon the construction given by it to certain letters addressed by the Engineering & Construction Company to the Southwestern States Portland Cement Company, as well as to the transfer and assignment made by the Engineering & Construction Company to the San Angelo National Bank, which transfer is as follows:

"For value received, we hereby assign, transfer, and set over to the San Angelo National Bank, of San Angelo, Texas, all sums of money due or to become due to us from Tom Green county, Texas, on account of construction of Chadbourne street viaduct, excepting such of said funds as are necessary to pay labor and material bills in connection with the construction of said viaduct."

Which last assignment antedated those of appellants. The above could only be held to be an assignment to the bank of any balance left over after payment of the labor and materialmen, and could in no sense be held an assignment to said other creditors; and the letters referred to cannot, in any sense, be regarded as an assignment to the Southwestern States Portland Cement Company of any indebtedness due from the county to the Engineering & Construction Company, but at most are mere acknowledgments of the indebtedness due by the Construction Company to the Cement Company, and expressing a willingness to pay the same; and since appellants' assignments are prior in point of time to those of any other creditors, the court erred in ignoring such priority and prorating the amount between all of said creditors, because those first in point of time were entitled to priority of payment. See Harris County v. Campbell, 68 Tex. 28, 3 S. W. 243, 2 Am. St. Rep. 467; Foley v. Houston Mfg. Co., 106 S. W. 160; Henke & Pillot v. Keller, 50 Tex. Civ. App. 533, 110 S. W. 783; Harris County v. Donaldson, 20 Tex. Civ. App. 9, 48 S. W. 791; First National Bank v. O'Neal, 176 S. W. 74; Davis v. State Nat. Bank, 156 S. W. 321; Johnson v. Amarillo Imp. Co., 88 Tex. 511, 31 S. W. 503; Beaumont Lumber Co. v. Moore, 41 S. W. 180. See also King v. Cassidy, 36 Tex. 537.

[3] The facts being fully developed, it is

our duty to render such judgment as the court below should have rendered, which is that, after the payment of the costs and $100 attorney's fees to Tom Green county for the use and benefit of its attorneys who brought this suit, then the balance of said fund on hand should be applied to the payment in full of the respective claims of appellants, after which the balance remaining shall be prorated among the other claimants, not including the San Angelo National Bank, which has disclaimed any interest in said fund; and it is so ordered.

Reversed and rendered.

---

&For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes