FLYNT v. GARMON et al.  (No. 6886.)

(Court of Civil Appeals of Texas.  Austin.
June 24, 1925.)

1. **Evidence ⬿441(8)—Dismissal of cross-bill alleging agreement under which consideration for deed was to be reduced or discharged held error.**

In action to try title and cancel deed to land, dismissal of cross-bill alleging agreement under which consideration for deed was to be reduced or discharged *held* error, where recitals of deed did not as a matter of law preclude parol evidence, and execution of deed and agreement were part of a single transaction.

2. **Evidence ⬿419(1)—Recital in written instrument may be explained, varied, or contradicted by parol evidence.**

Consideration expressed in written instrument in so far as it may constitute a statement or recital of a fact is an admission of the fact recited and prima facie evidence of the truth of such fact, but, in absence of estoppel, recital may be explained, varied, or contradicted by parol evidence.

3. **Evidence ⬿419(1)—Parol evidence not admissible to vary or contradict expressed consideration in written instrument, promissory or contractual in character.**

A consideration expressed in written instrument, promissory or contractual in character, cannot be varied or contradicted by parol evidence, in absence of fraud or mutual mistake.

4. **Evidence ⬿419(2)—Recital in deed held not promissory or contractual.**

Provision in deed that consideration is secured to be paid to vendor, as evidenced by certain vendor's lien notes, and that vendor's lien be retained until notes are fully paid, when deed shall become absolute, *held* recitative or descriptive, and not promissory or contractual.

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Evidence ⟨key⟩116—Parol evidence being admitted to show notes were not executed, evidence should have been admitted to show agreement under which their execution was dispensed with.**

Parol evidence being admitted, in action to try title and cancel deed, to show that recitation in deed that certain notes were executed was not true, evidence should have been admitted to show entire agreement under which their execution was dispensed with.

Appeal from District Court, Runnels County; J. O. Woodward, Judge.

Suit by W. F. Garmon and another against J. P. Flynt. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Parish & Crager and C. P. Shepherd, all of Ballinger, and Baker & Weatherred and Critz & Woodward, all of Coleman, for appellant.

Snodgrass, Dibrell & Snodgrass, of Coleman, for appellees.

McCLENDON, C. J. This suit was brought by appellees, Garmon and wife, against appellant, Flynt. The original petition contained two counts. The first was in the usual form of a trespass to try title suit, in which recovery was sought of certain lots in the town of Ballinger. The second count alleged in the alternative that appellees conveyed to appellant the lots in question; that appellant, in consideration of the conveyance, which the deed fully recited, "contracted, promised, agreed and bound himself to execute and deliver" to appellee Garmon ten promissory vendor's lien notes for $180 each, due on or before from 1 to 10 years after date, and providing for interest, attorney's fees, and accelerated payment on default as alleged; that appellant received, accepted, and had recorded the deed, and took possession of the property, but "has never executed and delivered said notes provided in said deed, but he has constantly and continuously failed and refused to execute and deliver the same;" that by accepting the conveyance he bound himself to pay appellees the amount of the notes; and that default was made in payment of the amount of the first note, which matured the others. The prayer in this count was for judgment for appellees' debt as set out in the deed, "with foreclosure of their equitable lien retained to secure the payment of their debt," order of sale, writ of possession, and such other relief "as they may show themselves entitled to under the facts."

In a first amended original petition, upon which they went to trial, appellees sued only for title to and possession of the lots together with their rental value. This petition also contains two counts, the first of which was the same as in the original petition. In the second count it is alleged that the deed

and notes described in the original petition were put in escrow with T. T. Crosson, the deed to be delivered upon execution of the notes by appellant; that the latter never executed the notes, but secured possession of the deed from Crosson without appellees' knowledge or consent; that there was in fact no delivery of the deed, but, if it should be held to the contrary, there was no consideration for the delivery, and, in the latter event, appellant was bound by all the recitals in the deed as to payment of money, etc. Like allegations as in the original petition were made concerning default in payment of the sums stated in the deed, and that appellees had "elected to cancel said deed because of the refusal of the defendant to execute and deliver said notes, and elected to mature all of said notes and indebtedness for the failure of defendant to pay the said note No. 1, falling due January 1, 1921, and elected because of said failure to pay all of said indebtedness to cancel said sale."

In addition to a general denial and plea of not guilty, appellant, both as a defense to the action and by way of cross-action and counterclaim, set up certain transactions alleged to constitute the true consideration for the conveyance, which may be briefly outlined as follows:

Appellant was a member of a firm engaged in the cotton business, which was then very profitable. About the date of the deed, and at various times before that, appellee Garmon came to appellant, and stated that appellee and his family were being threatened and mistreated by his enemies and their lives endangered, and that county officers were hostile and would not protect them. He desired appellant to leave his business and come to Runnels county and render him assistance, in consideration for which he would pay appellant the amount he would lose by dissolving his partnership during the cotton season. This proposition was finally agreed to, and the deed was executed with the understanding that the notes were not to be executed until the cotton season was over, and it was ascertained what, if anything, might be due appellant; who complied with his part of the contract, gave up his business, and rendered appellee the services as agreed. Appellant's profits from the season's business would have amounted, according to the business done by the firm, to $10,000.

The details of the transaction are set forth with much particularity, but the foregoing summary will suffice for present purposes. Appellant prayed that $1,800 of the amount of his losses be offset against the consideration set forth in the deed, and that he have judgment against appellee Garmon, for the balance. To this answer appellees, in addition to other pleadings, filed a verified plea of misjoinder of causes of action.

Upon the trial appellants introduced the deed in question, which recited that the conveyance was "for and in consideration of the sum of eighteen hundred ($1,800.00) dollars, secured to be paid to us by J. P. Flynt as evidenced by his ten certain promissory vendor's lien notes in writing of even date herewith, each for the principal sum of one hundred eighty and no/100 dollars, each bearing 8 per cent. interest per annum from date, interest payable on January 1, 1921, and annually thereafter, and each providing that failure to pay the same, or any installment of interest thereon at maturity thereof, shall at the election of the holder of all of said notes or any of them, mature all of the said notes, and that they shall at once become due and payable and each providing further that all past due interest thereon shall bear interest at the rate of 8 per cent. per annum, after the annual maturity thereof. Each of the said ten notes are made payable to said W. F. Garmon, or order, at Ballinger, Texas, on or before the dates of maturity as follows: Note No. 1 for $180.00 payable on or before January 1, 1921." The other nine notes were listed as the first.

The deed also provided that the vendor's lien was retained upon the property conveyed "until the above-described notes and all interest thereon, together with the attorney's fees provided for in said notes, are fully paid, according to their face and tenor, effect and reading, when this deed shall become absolute."

Appellees introduced in evidence an agreement signed by counsel for both parties to the effect that the deed in question "was legally delivered by plaintiffs to defendant on or about April 1, 1921"; that he had been in possession of the property claiming it under the deed since August 28, 1920; and that the rental value of the property during the time was $12.50 per month.

T. T. Crosson testified, in substance, that he took appellees' acknowledgment to the deed and prepared the notes; that the deed and notes were left with him, the deed to be delivered to appellant upon his execution of the notes; that the notes were never executed, but some time later appellant got the deed and notes upon the representation that "Mr. Garmon had sent him to me, and they wanted to change the terms of the contract."

No testimony appears in the record on behalf of the appellant, and judgment was rendered for appellees for title to and possession of the property sued for and for its agreed rental value.

The judgment of the court shows that appellees' plea of misjoinder of causes of action was sustained and appellant's cross-action dismissed. In this connection it is shown by bill of exceptions that appellant, while on the witness stand, admitted that the contract alleged in his cross-action was oral,

and upon this admission the court sustained appellees' plea of misjoinder, dismissed the cross-action and declined to permit appellant to introduce any proof of the allegations of his answer. The bill recites that—

"It was the opinion of the court and the court so held that said contract so pleaded by the defendant and every part of same was an attempt to vary and contradict by parol the terms of a written contract as evidenced by the deed in question pleaded and introduced in evidence by plaintiffs."

The correctness of the court's ruling in dismissing the cross-action and in declining to allow proof of the alleged contract is the controlling question in the case.

If the court was correct in holding that the recitals in the deed precluded parol evidence of an agreement under which the recited notes would be discharged or entitled to be credited with payments, then clearly the court correctly sustained the plea of misjoinder because the cross-action was based upon an unliquidated demand.

[1] On the other hand, it is equally clear that, if the recitals of the deed did not, as a matter of law, preclude such parol proof, then dismissal of the cross-action was error, because the agreement as alleged and the execution of the deed were parts of a single transaction, and under the express terms of the agreement the consideration for the deed was to be reduced or discharged, as the case might be, according to appellant's losses in withdrawing from the cotton business.

[2, 3] The general principles of law which govern the question presented are well settled, and may be briefly stated as follows: The consideration expressed in a deed or other written instrument, in so far as it may constitute a statement or recital of fact, is an admission of the fact recited and prima facie evidence of the truth of such fact, but, like any other admission, in the absence of the elements of estoppel, the recital may be explained, varied, or contradicted by parol evidence. Where, however, the expressed consideration is promissory or contractual, to that extent it is subject to the general rule that parol evidence is not admissible, in the absence of fraud or mutual mistake, to vary or contradict the terms of a written instrument.

The following quotation from Alexander v. Meredith (Tex. Civ. App.) 262 S. W. 111 (writ of error refused), is apropos of the question at bar:

"These general principles are now well established both in this and other jurisdictions. Their application, however, to the infinite variety of instruments which have from time to time come up for consideration, has given rise to divergence of view in a number of particulars, among the several courts of last resort.

"A review of the many adjudications upon this subject would unduly extend this opinion, and in our judgment would not serve any useful

purpose so far as elucidating the particular question before us. The following quotation from Wigmore on Evidence (par. 2432), which expresses a holding of practically universal acceptation, is, we think, directly in point as applied to the case at·bar:

" 'Where the writing is itself the very act, as where it grants a discharge or release of a claim, or embodies a new obligation, it obviously falls within the rule, and its terms cannot be overthrown.' "

Quoting further from the same and the following paragraph from Wigmore:

"Which of these characters a given document possesses must of course depend on the particular case; but it is well understood that a document which is a receipt may in some instances be indisputable as being also in effect a release or contract.

"By an application of principle similar to the foregoing, a recital of consideration received, when it occurs in a deed of grant, is usually merely intended as a written acknowledgment of the distinct act of payment, being there inserted for convenience. Hence it is not an embodiment of an act per se written, and may be disputed like any other admission. But the statement of a consideration may, on the other hand, sometimes be itself an operative part of a contractual act,—as when in the same writing the parties set out their mutual promises as considerations for each other; here the word 'consideration' signifies a term of the contract, and hence the writing alone can be examined. * * * In general, then, it may be said that a recital of consideration received is, like other admissions, disputable so far as concerns the thing actually received; but that, so far as the terms of a contractual act are involved, the writing must control, whether it uses the term 'consideration' or not."

The text quotes the following statement of the rule from Baum v. Lynn, 72 Miss. 932, 18 So. 428, 30 L. R. A. 441:

"A party is estopped by deed. He is not to be permitted to contradict it. So far as the deed is intended to pass a right, or to be the exclusive evidence of a contract, it concludes the parties to it. But the principle goes no further. ·A deed is not conclusive evidence of everything it may contain—for instance it is not the only evidence of the date of its execution, nor is its omission of a consideration conclusive evidence that none passed, nor is its acknowledgment of a paritcular consideration an objection to other proof of other and consistent considerations; and, by analogy the acknowledgment in a deed is not conclusive of the fact."

These principles are conceded by both parties. Their application to the recitals in the deed at bar alone gives rise to controversy. We think a fair and full statement of appellees' contention in support of the trial court's holding is set forth in the following quotation from their brief:

"The consideration stated in the deed here under consideration is clear and unambiguous. It purports to be a full and complete statement of what the grantee binds himself to do. It needs no interpretation or explanation. In order that it be varied, it must be a mere recital or receipt or there must be allegations as a fraud or mistake.

"Appellant herein is seeking a reversal of this cause upon the statement which is found on page 18 of his brief, that statement being 'the true consideration can be shown, notwithstanding recitals in the deed.' Counsel for appellants (appellees) admit that rule to be correct, but with this qualification: If the consideration as expressed by·the deed is contractual, then parol proof may be used to show other consideration not inconsistent with that as expressed only. Taylor v. Merrill, 64 Tex. 494.

"In the present case the deed stated unequivocally that there should be paid specified installments at specified times. Appellant attempted to prove by parol an agreement entirely inconsistent to the effect that 'certain services were to be performed and a balancing of claims to be had after performance, mutual offsets being allowed. At this point the court's attention is respectfully directed to the fact that appellant did not allege any mutual accounting and balancing of claims. He alleged the agreement to have been made along about August 28, 1920. This agreement was to the effect that he should be paid for his services a sum equal to that which he would make in the cotton business that season. His cotton business ended April 1, 1921, and the deed was delivered April 1, 1921. Now, although appellant alleges the agreement of the prior August, and he alleges that the deed was delivered in pursuance of that agreement, he does not allege any acceptance by appellee of the services of appellant in payment, nor does he allege any accounting between the parties and any balancing of offsets. He merely alleges the agreement by parol to substitute a contractual consideration, that is, the figuring of the sum due for the alleged guarding and the balancing of the offsets and then the payment by the one then owing, for the consideration expressed in the deed. He alleges an agreement to pay and to accept payment of the sum of $1,800, which is expressly provided for in the deed in an entirely different way from that provided by the deed. He does not say that the deed does not express the true consideration between the parties for the conveyance. In fact, he admits that the sum to be paid by him for the land was $1,800, as stated by the deed. But he contends that it was agreed by parol that this sum of $1,800 should be paid, not in the manner as stated in the deed, but in an entirely different manner, to wit, by balancing credits and offsets between the parties. All parties herein agree that Flynt was to pay $1,800 for the land. Appellee W. F. Garmon insists that this sum was to be paid in the manner provided for by the deed; appellant, Flynt, alleges an agreement to pay in another and in an entirely different way. This clearly is an attempt to vary a contractual provision of the deed.

"Counsel for appellees Garmon admit that the parties might by parol agree to a different manner of payment of consideration after the consummation of the contract of conveyance, and, if there were consideration for this agreement, it would be binding. It also is not questioned that, had appellees Garmon accepted the services of appellant in payment for the land and delivered the deed after such acceptance, or even accepted such services as payment after delivery of the deed, this would be binding. We have not that case here, however. Appellant has al-

leged only the agreement to allow the claims to be offset at a future date. This agreement was made some eight months prior to the delivery of the deed. Appellant has alleged an agreement, prior to the delivery of the deed, that the $1,800 should be paid in a manner inconsistent with that expressed in the deed. He has not alleged that it was actually paid in that way as counsel for appellees interpret his pleadings, and under the most liberal interpretation of his pleadings he has not in any manner alleged that Garmon ever accepted the alleged services as payment."

"The contention taken herein in the instant case is that this deed evidences the contract of conveyance between the parties herein and as such it is full and complete as regards the consideration to be paid and the manner of its payment. The fact that the notes were never executed is not material. The deed itself fully provides for the sum to be paid and the exact manner in which it should be paid. The fact that additional evidence of the indebtedness in the form of executed notes does not exist cannot in any way vitiate or make void appellant Flynt's contract to pay as expressed by the deed, and can have no effect upon his duty to comply with that contract."

The vice in this argument, as we view it, lies in the assumption that the deed on its face shows that the parties have made its recitals the repository or evidence of the agreement as to the manner in which the consideration is to be paid; or, in other words, that the deed is itself written evidence of a contract or promise on the part of appellee to pay the sums specified, of which the notes, had they been executed, would have furnished only additional evidence, and therefore the recitals are not subject to contradiction, even though, as conceded by both parties to the deed, the notes were never in fact executed.

[4, 5] Had the notes been executed, it may be conceded that the case would fall within the rule announced in Lawther v. Winniford (Tex. Com. App.) 249 S. W. 195, and cases there cited. Had the deed merely recited that the stated consideration was to be paid in amounts, at dates and with interest and attorney's fees as specified, the application of the parol evidence rule as contended for by appellees would be correct. But we do not so construe the deed's recitals. The consideration is recited as "secured to be paid to us by J. P. Flynt, as evidenced by his ten certain promissory vendor's lien notes in writing of even date herewith," etc. Clearly these recitals did not even purport to be a repository of the contract as to payment of the consideration. On the contrary, it is expressly recited that the agreement to pay is evidenced by certain notes in writing, negotiable in form, in that they were payable to

W. F. Garmon, or order. There is an express agreement that the vendor's lien is retained until the "above-described notes" "are fully paid, according to their face and tenor, effect and reading, when this deed shall become absolute." These recitals, in so far as the notes are concerned, are clearly nothing more than admissions or statements of fact; namely, that the notes described have been executed, and that they constitute or embody the agreement of the parties relative to payment of the consideration for the conveyance. The recitals negative, in effect, any promise or agreement to execute the notes, or any promise or agreement to pay the sums designated, except as evidenced by the terms and stipulations of the notes "according to their face, tenor, effect, and reading." The recitals are but assertions of facts alleged to have transpired simultaneously with the execution of the deed—the execution of specifically described notes. There is nothing in these recitals which, in view of the admitted fact that they were not true in so far as the execution of the notes is concerned, would preclude parol evidence of the agreement of the parties touching their execution. In our opinion, the recitals are of the class that are merely recitative or descriptive, and not promissory or contractual. Appellees could not recover the amounts recited as evidenced by the notes without bringing a suit upon the notes and producing them in evidence, or accounting by proper allegations for their nonproduction. Appellees sought to avoid production of the notes by alleging that they were never in fact executed, and thereby expressly contradicted the recitals in the deed. A sufficient explanation of their nonexecution was alleged. But proof of this explanation rested entirely in parol. Appellant conceded that the notes were never executed, and alleged an agreement, which, if true, was an equally satisfactory explanation for their nonexecution. Clearly parol evidence was admissible to show that the recitation that the notes were executed was not true; and, when this was thus shown, the entire agreement under which their execution was dispensed with was open to the same character of proof.

For the error of the trial court in excluding appellant's evidence of the agreement alleged in his answer and cross-action, and in sustaining appellees' plea of misjoinder of causes of action, the trial court's judgment is reversed and the cause remanded for a new trial in accordance with the views herein expressed.

Reversed and remanded.