J. C. ROBERTS, Appellant,

v.

John W. MULLEN, et al., Appellees.

No. 17327.

Court of Civil Appeals of Texas.

Dallas.

Sept. 29, 1969.

Rehearing Denied Oct. 24, 1969.

Wm. Andress, Jr., Andress, Woodgate & Hartt, Dallas, for appellant.

Lancaster Smith, Harvey L. Davis, Dallas, for appellees.

DIXON, Chief Justice.

J. C. Roberts has appealed from a judgment against him in the total principal amount of $10,446.25 in favor of appellees John W. Mullen and Waldo S. Powell for $5,223.12 each. There are two other parties, both of them plaintiffs in the trial court: Trans-Continental Leasing Corporation and Airlines Industrial Design Engineering Services, Inc. Neither of the corporate plaintiffs was allowed any recovery.

This is the second time this case has been brought before us by appellant Roberts, the first time being by writ of error. Roberts v. Mullen, 417 S.W.2d 74 (Tex.Civ. App., Dallas 1967, affirmed 423 S.W.2d 576).

The record on the first appeal shows that the plaintiffs in the trial court had demanded a jury and paid the jury fee. Defendant Roberts through his attorney filed an answer. On Thursday, March 17, 1966 the attorney of record for Roberts was granted leave to withdraw as his attorney. On March 21, 1966, four days later, judgment was rendered against Roberts for $10,446.25 in favor of the four plaintiffs jointly. Neither Roberts nor any attorney representing him was present in court at the time judgment was rendered. Roberts insisted on the first appeal and still stoutly

insists that he was not notified and did not know that his attorney had withdrawn from the case on March 17, 1966, and did not know until much later that judgment had been rendered against him on March 21, 1966. He also says that no evidence was heard or offered at the hearing on March 21, 1966. In support of his claim he submitted a statement by the court reporter that she had not reported any evidence. There was no statement of facts. However, the judgment itself recited that the defendant had been "advised of said hearing and the time and place thereof" and that the court rendered judgment "after consideration of the evidence." We held that we were required to accept the recitations in the judgment.

We reversed the trial court's judgment on two grounds: (1) that Roberts had wrongfully been denied a jury trial and (2) the judgment was at variance with the pleadings in that the plaintiffs had been awarded a joint judgment whereas they had pleaded only several causes of action.

Our Supreme Court differed with us as to the first of the above holdings, but agreed with us as to the second. Our judgment was affirmed by the Supreme Court. Mullen et al v. Roberts, 423 S.W.2d 576, 579 (Tex.Sup.1968).

Following reversal and remand of the case to the trial court appellant Roberts himself asked for a jury, amended his pleadings and filed a counterclaim for wrongful execution. Rule 97, Vernon's Texas Rules of Civil Procedure. He alleged that under the prior judgment against him appellees caused an execution to issue, seized and sold his property, bought the property in themselves, failed to make installment payments on existing mortgages and allowed the mortgages to be foreclosed, thus depriving Roberts of his equity in the various properties.

Roberts contends that since the prior judgment, under which the execution was issued, was reversed by this court and by the Supreme Court, the said judgment became a nullity, therefore he had a right to plead his counterclaim for damages.

When the case came on for trial the second time appellees filed a motion to strike appellant's amended answer and also his counterclaim. The motion was sustained and the said pleadings were stricken. The counterclaim had been filed within two years following the issuance of the execution and the sale of appellant's properties. But more than two years had elapsed when the counterclaim was stricken, so the action for damages would be barred by limitations if appellant were to file it now in a separate suit.

Following the striking of appellant's amended answer and counterclaim appellees filed a motion asking that the trial court modify and correct the prior judgment in compliance with the opinions of this court and the Supreme Court. The motion was sustained. No evidence was heard or offered. The trial court awarded Mullen and Powell $5,223.12 each, that being an equal division of the original judgment of $10,446.25 awarded against Roberts. This action of the trial court was based on affidavits attached to the motion in which Mullen and Powell stated that they equally owned all the stock in the two plaintiff corporations and that they desired the amount of the original judgment to be divided equally between them.

On this occasion Roberts was present with his attorney. He was not allowed to present his exceptions to plaintiffs' petition, or to testify or to cross-examine appellees. He gave notice of appeal and thereafter took all steps necessary to present his appeal to this court.

In his first point of error Roberts asserts that the appellate courts remanded the cause in its entirety, that it is not severable, Iley v. Hughes, 158 Tex. 362, 311 S.W.2d 648, 85 A.L.R.2d 1 (1958), hence it could not be remanded for a trial as to damages alone.

Appellees Mullen and Powell take the position that since the first judgment was

a judgment nihil dicit it was a judgment by confession admitting the justice of plaintiffs' cause of action. Therefore there was nothing left for the court to do on the second trial except to allocate the total damages severally among the plaintiffs instead of jointly, as had first been done.

■ It is true that in our former opinion and in the Supreme Court opinion reference is made to the general rule that a judgment nihil dicit carries "more strongly the admission of the justice of plaintiff's cause of action." But such an implied admission is not absolute or conclusive under some circumstances. The admission is subject to rebuttal. We quote from Spivey v. Saner-Ragley Lumber Co., 284 S.W. 210, 213, 214 (Tex.Com.App.1926, jdgmt adopted) :

> "If the petition shows an attempt to state a cause of action coming within the court's jurisdiction, the requirements of law are fulfilled, and the scope of the defendants' implied confession will be measured by the cause of action thus attempted to be stated. On the other hand, if the petition shows upon its face that the plaintiff has no cause of action *to the extent covered by the judgment, it will not be implied, in the face of such showing, that the defendant intended to confess a liability to the extent which he is thus shown not to rest.* Storey v. Nichols, [22 Tex. 87] supra. The court will examine the petition for the purpose of determining if its averments so show." (Emphasis ours.)

Then, in referring to instances where the defendant has filed an answer to the merits, the court went on to say,

> " * * * *the fact of such answer being actually in the record at the time such judgment is taken, leaves no room for an implied confession of judgment upon the issues of fact purported to be raised* by the answer. A rebutting presumption is thus raised by facts in the record, which will be noticed by the court in the event judgment by nil dicit be re-

quested. Storey v. Nichols, supra. Thus, when the defendant answers by general demurrer, which is overruled, but says nothing further against a recovery by the plaintiff, a nil dicit judgment will not preclude him from complaining of errors committed by the court in overruling the demurrer, for in such case the record shows that he did not mean to waive such errors." (Emphasis ours.)

See also Thornhill v. Elskes, 381 S.W.2d 99, 103 (Tex.Civ.App., Waco 1964, no writ); Janson v. Bank of Republic, 48 Tex. 599 (1878); Goodlett v. Stamps, 29 Tex. 121 (1867).

■ This is a case in which plaintiffs seek damages for fraud and misrepresentation. Prior to the first judgment against him Roberts had filed a general denial, thus putting in issue plaintiffs' whole cause of action. He had not withdrawn his answer. We do not believe that under the circumstances here present it will be implied as a matter of law that appellant Roberts irrevocably confessed that plaintiffs had a just cause of action against him except as to the amount of the damages. Our order of reversal did not affirm in part and reverse in part. We reversed the trial court's judgment. The Supreme Court affirmed our judgment.

■ We think that appellant's first point is well taken. Our Supreme Court has held several times that issues of liability and damages in tort cases are indivisible and it is improper to reverse a judgment and remand the case for trial on the issue of damages only. Pacific Fidelity Life Ins. Co. v. Simpson, 434 S.W.2d 116 (Tex.Sup. 1968); Houston Natural Gas Corporation et al. v. Janak et al., 422 S.W.2d 159 (Tex. Sup.1967); Waples-Platter Co. v. Commercial Standard Ins. Co., 156 Tex. 234, 294 S. W.2d 375 (1956); Fisher v. Coastal Transport Co., 149 Tex. 224, 230 S.W.2d 522 (1950); Texas Employers' Ins. Ass'n v. Lightfoot, 139 Tex. 304, 162 S.W.2d 929 (1942); Schumacher Co. v. Shooter, 132 Tex. 560, 124 S.W.2d 857 (1939); Phoe-

nix Assur. Co. of London v. Stobaugh, 127 Tex. 308, 94 S.W.2d 428 (1936). We sustain appellant's first point.

The substance of appellant's next point is that affidavits are not evidence, therefore there was no basis for the court to enter its judgment for the plaintiffs severally since no evidence was heard or offered. We agree with appellant.

In their petition plaintiffs allege that Trans-Continental Leasing Corporation suffered damages in separate sums of $8,-333.33, $503.77, $800 and $650 on its alleged causes of action; that Airlines Industrial Design Engineering Services, Inc. suffered damages in the separate amounts of $1,500, $35 and $650; and that Mullen and Powell suffered damages of $20,000 and $3,000 respectively. This court reversed the joint judgment and remanded the case to the trial court. Though we did not say so directly the effect of our holding was that the damages, if any, should be determined severally, not jointly, if the pleadings of plaintiffs remained unchanged.

The new judgment in lieu of the reversed judgment so far as evidence was concerned was based solely on the affidavits of Mullen and Powell which were attached to their motion to modify and correct the reversed judgment. Except in instances specified by statute or rule (such as summary judgments, pauper's oath proceedings, etc.) affidavits are not evidence in contested cases. Roadway Express, Inc. v. Gaston, 90 S.W.2d 874 (Tex.Civ.App., Texarkana 1935, no writ); Mutual Life & Loan Ass'n of America v. Skidmore, 50 S.W.2d 384 (Tex.Civ.App., Austin 1932, no writ); Jaffe v. Deckard, 261 S.W. 390, 397 (Tex.Civ.App., Amarillo 1924, writ ref'd); Henke & Pillot v. Keller, 50 Tex.Civ.App. 533, 110 S.W. 783 (Galveston 1908, no writ); Halliday v. Lambright, 29 Tex.Civ. App. 226, 68 S.W. 712 (San Antonio 1902, no writ); 2 Tex.Jur.2d 395.

We sustain appellant's second point.

In his third point appellant complains that following remand of the case to the trial court he asked for a jury, but his request was denied.* There is no showing that he also paid a jury fee. Rule 216, T.R.C.P. is plain and unambiguous: "No jury trial shall be had in any civil suit, unless application be made therefor *and unless a fee of five dollars if in the district court, * * * be deposited by the applicant with the clerk * * *.*" (Emphasis ours.) We think that following remand appellant would have been entitled to a jury trial following his application and payment of the jury fee. But in the absence of any showing that he paid the required fee we cannot say that the trial court erred in denying him a jury trial. Appellant's third point is overruled.

In his fourth and fifth points appellant complains (4) of the court's action in striking his amended answer and (5) his counterclaim for damages for wrongful execution. We think the court erred in striking the amended pleadings.

Rule 63, T.R.C.P. gives parties the right to amend their pleadings as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party. The rule is applicable after the reversal of a cause and a remand to the trial court. Tower Contracting Co. v. Flores, 157 Tex. 297, 302 S.W.2d 396, 400 (1957). See also 4 Tex.Jur.2d 676 and cases there cited. In this case appellant filed his amended answer and his counterclaim in June 1968. There can be no question of surprise involved here, for appellant filed these amended pleadings about five months before the hearing resulting in the modified and corrected judgment, and more than a month before appellees filed their motion to modify and correct. Of course we

---

* On the occasion of the granting of the reversed judgment, appellees had asked for a jury and paid the jury fee. The record is silent as to whether pursuant to Rule 220, T.R.C.P., they later withdrew the jury fee.

do not undertake to say whether appellant is entitled to recover on his counterclaim. We simply hold that it was error to strike the defendant's exceptions, the amended answer and the counterclaim. 4 Tex.Jur.2d 689 and cases there cited. Appellant's fourth and fifth points are sustained.

Having sustained appellant's first, second, fourth and fifth points we reverse the judgment and remand the cause to the trial court for further proceeding consistent with this opinion.

Reversed and remanded.